UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT TURBEN,

Plaintiff,

v.                                                          CAUSE NO.: 3:19-CV-141-JD-MGG

NANCY MARTHAKIS and RON NEAL,

Defendants.

OPINION AND ORDER

Robert Turben, a prisoner without a lawyer, filed a motion for preliminary injunction. ECF 12. This is the second motion for preliminary injunction he has filed. *See* ECF 8. The prior motion is under advisement. ECF 10. Turben is proceeding in this case for both monetary damages and injunctive relief on his claims of a denial of medical treatment. The only current defendant is Dr. Nancy Marthakis. She has not yet entered an appearance. Turben's new preliminary injunction motion encompasses and expands on the relief requested in his original preliminary injunction motion. It is unnecessary to have two motions pending when one encompasses the other. Therefore the original motion will be denied as moot.

In this motion Turben asks the court to order the defendant "(i) to stop my medical condition from being repeatedly subjected to misdiagnosis; and (ii) for the Defendant to cease and desist from abstracting and/or falsifying State Document(s) relating to my medical conditions and the real diagnosis's I was diagnosis for, while pending a trial on the merits of Plaintiffs Complaint." ECF 12 at 3. He also asks "to be

seen by an outside doctor (podiatrist) and have an MRI done to evaluate the extent of damage." *Id*. at 4 (emphasis omitted).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Turben asks to stop being misdiagnosed and for accurate medical records to be kept. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Though a proper diagnosis and accurate medical records seem a reasonable request, a misdiagnosis (and records of that misdiagnosis) are akin to medical malpractice which does not in itself violate the Eighth Amendment. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Moreover, though Turben disagrees with the diagnosis he has received and considers it a misdiagnosis, a mere disagreement with medical professionals does not establish deliberate indifference nor establish a violation of the Eighth Amendment. *Id.*

Turben asks to be taken to an doctor outside of the prison. He asks to be taken to a medical specialist. He asks for an MRI. However, the PLRA requires a narrowly drawn remedy. Under the Eighth Amendment, inmates are not, "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The constitution does not prescribe where nor by whom medical care must be provided. Therefore if the court were to find that Turben is not receiving constitutionally adequate medical treatment for his right foot, the court would only order that he be provided with medical treatment which meets the requirements of the Eighth Amendment.

Warden Ron Neal has both the authority and the responsibility to ensure that Turben receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore he will be added as a defendant and ordered to respond to the motion for preliminary

injunction. The screening order will be modified to add him as a defendant in his official capacity solely for the request for injunctive relief. Because it is redundant to have two official capacity defendants for an injunctive relief claim, Dr. Nancy Marthakis will remain solely for the monetary damages claims.

For these reasons, the court:

(1) DENIES AS MOOT the motion for a preliminary injunction (ECF 8);

(2) DIRECTS the clerk to add Warden Ron Neal as a defendant in his official capacity;

(3) AMENDS the screening order (ECF 10) to GRANT Robert Turben leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide him with constitutionally adequate medical care for his right foot as required by the Eighth Amendment;

(4) AMENDS the screening order (ECF 10) to GRANT Robert Turben leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his right foot from February 2018 to present in violation of the Eighth Amendment;

(5) AMENDS the screening order (ECF 10) to GRANT Robert Turben leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for his diabetes in July 2018 in violation of the Eighth Amendment;

(6) AMENDS the screening order (ECF 10) to DISMISS all other claims;

(7) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process on Dr. Nancy Marthakis and Warden Ron Neal at the Indiana Department of Correction with a copy of this order, the amended complaint (ECF 7), the screening order (ECF 10), and the motion for a preliminary injunction (ECF 12);

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Nancy Marthakis and Warden Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(9) ORDERS Warden Sevier to file and serve by **September 19, 2019**, a response to the motion for a preliminary injunction with a sworn statement (and supporting medical documentation as necessary) explaining how Robert Turben is receiving constitutionally adequate medical care for his right foot as required by the Eighth Amendment; and

(10) GRANTS Robert Turben until **October 10, 2019**, to file a reply to Warden Neal's response to the motion for a preliminary injunction.

SO ORDERED on August 30, 2019

> _____/s/ JON E. DEGUILIO_____
> JUDGE
> UNITED STATES DISTRICT COURT