UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT TURBEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-141-JD |
| NANCY MARTHAKIS, | |
| Defendant. | |

OPINION AND ORDER

Robert Turben, a prisoner without a lawyer, is proceeding against Dr. Nancy Marthakis, M.D., on two claims. First, he is proceeding against Dr. Marthakis in her individual capacity for compensatory and punitive damages for allegedly denying him constitutionally adequate medical treatment for his right foot starting in February 2018, in violation of the Eighth Amendment. ECF 14 at 4. He is also proceeding against Dr. Marthakis in her individual capacity for compensatory and punitive damages for allegedly denying him constitutionally adequate medical treatment for his diabetes in July 2018, also in violation of the Eighth Amendment. *Id*. The claims Turben has been granted leave to proceed on pertain to his confinement at the Indiana State Prison. He is now seeking emergency preliminary injunctive relief related to his diabetes treatment at the Plainfield Correctional Facility. ECF 172, 173.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In moving for emergency injunctive relief, Turben asserts that he is entitled to this relief because Dr. Marthakis failed to update his medical chart and files to indicate he had a reaction to Novolin R and Novolin N insulin. ECF 173 at 1-2. As a result of her failure to appropriately document his chart, and due to the fact that Plainfield's medical staff did not keep a supply of his insulin, Humulin 70/30, at the prison, he was forced to take Novolin R insulin, on August 16, 2021, because his blood glucose level was too high. *Id*. at 2. Turben asserts that, on August 18, 2021, he was finally given Humulin 70/30, but he is still having trouble with his glucose levels. *Id*. He states that, because Plainfield's staff and Dr. Marthakis failed to document his insulin restrictions, he endured numerous medical emergencies at the Indiana State Prison and Plainfield Correctional Facility. *Id*. at 5.

Because Turben has not been granted leave to proceed on claims pertaining to his confinement at the Plainfield Correctional Facility, his request for emergency injunctive relief is outside the scope of his amended complaint. His claim against Dr. Marthakis pertains only to her treatment of his diabetes in July 2018 at the Indiana State Prison. If Turben seeks legal recourse for his alleged claims that have arisen at the Plainfield Correctional Facility, the proper course is to file another lawsuit. *George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").

For these reasons, Turben's motion for an emergency preliminary injunction (ECF 172) and his amended motion for an emergency preliminary injunction (ECF 173) are DENIED.

SO ORDERED on September 20, 2021.

s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT